TATE, Justice.
The defendant Tennessee was convicted of armed robbery, La.R.S. 14:64, and sentenced to twenty years at hard labor. Upon his appeal, he relies upon two assignments. Finding no error, we affirm.
The original bill of information jointly charged the defendant Tennessee and another, Phillips, with the crime. Prior to trial, Phillips died. Both assignments of error relate to the circumstance that, following Phillips’ death, no new bill of information was filed charging only Tennessee, the present defendant.
Assignment of Error No. 1 is based on the contention that Phillips’ death had the effect of a court-ordered severance. When the court orders a severance, La.C.Cr.P. art. 705 provides that the district attorney “shall” file separate indictments.
However, if indeed in such instance a new bill of information must be filed, the present case does not involve a court-ordered severance. We find and are cited to no authority which requires the filing of a new indictment when one of two jointly charged defendants dies.
Nor can we find any prejudice to the defendant resulting from trial under the present indictment (information), which is valid as to him despite any surplus language: It alleges the essential facts informing the accused of the nature and cause of the accusation against him. La.Const. Art. 1, Section 13 (1974); La.C.Cr.P. art. 462.
Assignment No. 2 complains that prejudice resulted because the indictment (information) went to the jury containing the name of Phillips, since allegedly the district attorney had asserted that the defendant was a participant in a shoot-out which led to Phillips’ death.
We find no merit to this contention. In the first place, the record indicates that the defendant himself, in replying to a non-related question under proper cross-examination, interjected that Phillips had been killed in a shoot-out in connection with a kidnapping in north Louisiana. (Subsequent cross-examination clarified that the defendant himself was then in Houston.)
In the second place, both the trial court’s per curiam and its charge to the jury indicate that, when read to the jury, the bill of information contained no reference to Phillips. Further, the defendant waived complaint to whatever writings went into the room with the jury by failing to object at that time. La.C.Cr.P. art. 841. (Actually, the charge to the jury indicates that only the written list of responsive verdicts was given to the jury.)

DECREE

For the reasons assigned, we affirm the conviction and sentence.
AFFIRMED.